Brandon J. Tittle
Texas Bar No. 24090436
Manolo R. Santiago
Texas Bar No. 24129258
**TITTLE SANTIAGO, PLLC**
1125 Legacy Dr., Ste. 230
Frisco, Texas 75034
Telephone: 972.213.2316
Email: btittle@tittlesantiago.com
Email: msantiago@tittlesantiago.com

**COUNSEL FOR PETITIONING CREDITORS**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 26-33254** |
| **GREEN SAPPHIRE HOLDINGS INC.,** | § | |
| | § | **Chapter 11** |
| **Alleged Debtor.** | § | |

# PETITIONING CREDITORS' EMERGENCY MOTION TO ENFORCE THE AUTOMATIC STAY AND REQUEST FOR EXPEDITED HEARING AGAINST GLOBAL CAPITAL PARTNERS, LLC AND ACCESS MANAGEMENT, S.A.S., INC.

The petitioning creditors, Lecocqassociate, Legamaro Banipal LLP, and Charles-Hubert Vanoverberghe (collectively, the "Petitioning Creditors"), move for entry of an order confirming and enforcing the automatic stay against Global Capital Partners, LLC ("Global Capital") and Access Management, S.A.S., Inc. ("Access Management," and together with Global Capital, the "Respondents"), requiring immediate compliance with 11 U.S.C. § 362(a), preservation of the status quo, and an expedited hearing. This Motion is brought under 11 U.S.C. §§ 105(a), 362(a), and 1109(b), and Federal Rules of Bankruptcy Procedure 9006(c), 9013, 9014, and 9020. The requested relief is directed to the Respondents and persons acting for or in concert with them—not to the Delaware Court of Chancery or any foreign court or tribunal. In support, the Petitioning Creditors respectfully state as follows:

## PRELIMINARY STATEMENT

1. On July 21, 2026, at approximately 1:02 p.m., the Petitioning Creditors commenced this involuntary case by filing an Involuntary Petition Against a Non-Individual under 11 U.S.C. § 303 against Green Sapphire Holdings Inc. (the "Alleged Debtor").

2. Section 362(a) expressly provides that a petition filed under § 303 operates as a stay applicable to all entities. The automatic stay therefore arose immediately upon the filing of the involuntary petition; entry of an order for relief was not required.

3. The Clerk issued the Summons to Debtor in an Involuntary Case on July 22, 2026. The Court also entered its Standing Scheduling Order Regarding Involuntary Cases and set a conference concerning entry of an order for relief for August 18, 2026, at 9:30 a.m.

4. Respondents are adverse parties to the Alleged Debtor in litigation pending in the Delaware Court of Chancery and in related foreign proceedings involving disputed ownership, transfer, title, and control issues concerning assets associated with the Alleged Debtor and related entities.

5. The record of the Alleged Debtor's prior Illinois bankruptcy case reflects that Global Capital asserted ownership rights arising from prepetition loan-default and collateral-transfer disputes, that the Illinois bankruptcy court had granted relief from the stay in that prior case to permit the Delaware litigation to proceed, and that the Illinois case was dismissed on July 17, 2026. Any stay relief entered in the prior case did not grant relief from the automatic stay that arose in this new case on July 21, 2026.

6. On July 21, 2026, the Delaware Court of Chancery heard Respondents' request for expedited consideration of a motion to appoint a limited-purpose receiver. At that hearing, counsel for Global Capital stated that Respondents wanted the receiver to act as quickly as possible to "shut down" French litigation; that their "number one" objective was "getting the title cleared to the properties in St. Barts"; that the receiver could locate a disputed share and execute transfer documents needed to

move interests from "Access Management France" to "Access Management U.S."; and that the receiver could ensure assets were not transferred "out the door."

7. The Alleged Debtor's opposition to the receiver request described the requested relief as intended to facilitate payment of Global Capital's money judgment, transfer assets or interests to Global Capital, affect proceedings in France scheduled for July 22, 2026, and coordinate with related receiver efforts in the Cayman Islands.

8. On July 22, 2026, Global Capital's Delaware counsel advised Vice Chancellor J. Travis Laster in writing that an involuntary bankruptcy petition had been filed against the Alleged Debtor in this Court approximately one hour before the July 21 Delaware hearing. That filing establishes actual notice of this Chapter 11 case by no later than July 22, 2026.

9. As of the filing of this Motion, Respondents have not withdrawn or disclaimed the receiver-based relief sought in Delaware, have not agreed to refrain from further implementation of prepetition rulings or judgments, and have not confirmed that they will suspend efforts to clear title, transfer disputed interests, alter registry positions, or pursue related implementation steps in Delaware, France, the Cayman Islands, or elsewhere absent relief from this Court.

10. The receiver-based and related enforcement relief Respondents sought would implement prepetition rights and rulings, alter control over disputed property interests, affect title and registry positions, and change the status quo concerning disputed assets and related proceedings before this Court can determine the effect of the involuntary filing and the parties' rights in this Chapter 11 case.

11. The Petitioning Creditors therefore request narrow but immediate relief: confirmation that the automatic stay arose upon filing; an order requiring Respondents to cease all conduct within the scope of § 362(a); preservation of the July 21, 2026, status quo; and a direction that Respondents obtain relief from this Court before taking any further action governed by the automatic stay.

12. The Petitioning Creditors do not presently seek an award of damages or a finding of contempt. They reserve those remedies until Respondents have been heard and a complete evidentiary record establishes the relevant postpetition conduct, knowledge, injury, causation, and amount.

**JURISDICTION, VENUE, AND STANDING**

13. This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157 and the standing order of reference.

14. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G), and (O).

15. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409 because the involuntary case is pending in this Court and the Involuntary Petition identifies the Alleged Debtor's principal place of business in Dallas, Texas.

16. The Petitioning Creditors are creditors and parties in interest entitled to appear and be heard in this Chapter 11 case under 11 U.S.C. § 1109(b). The Fifth Circuit has expressly confirmed that a creditor may enforce the automatic stay: "Under *St. Paul Fire & Marine Insurance Co.*, a creditor can sue to enforce the automatic stay." *Ayers v. Neugebauer (In re With Purpose, Inc.)*, No. 25-10572, slip op. at 4 (5th Cir. July 16, 2026); *see also St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 543 (5th Cir. 2009). The Petitioning Creditors invoke that authority solely to obtain stay-enforcement and status-quo-preservation relief for the benefit of the estate and the creditor body, while reserving any claim for damages, fees, or other monetary recovery to the party legally entitled to pursue it.

**FACTUAL BACKGROUND**

17. The Alleged Debtor is a corporation with a stated principal place of business at 3500 Oak Lawn Avenue, Suite 460, Dallas, Texas 75219. The Involuntary Petition identifies Organic Fuels Holdings, Inc. as a former name of the Alleged Debtor.

18. The Petitioning Creditors assert noncontingent claims for unpaid attorneys' fees in the aggregate amount of $174,784.66, as stated in the Involuntary Petition. The Petition alleges that the Alleged Debtor is generally not paying its debts as they become due.

19. On July 22, 2026, the Clerk issued the Summons requiring the Alleged Debtor to file a motion or answer within twenty-one days after service.

20. Also on July 22, 2026, the Court entered its Standing Scheduling Order Regarding Involuntary Cases, requiring service of the petition, summons, and scheduling order and setting the order-for-relief conference for August 18, 2026, at 9:30 a.m.

21. Before the Petition Date, Respondents were engaged in litigation against the Alleged Debtor in the Delaware Court of Chancery and in related proceedings elsewhere concerning disputed ownership, transfer, title, and control rights over property and related interests.

22. On July 21, 2026, the Delaware Court of Chancery held oral argument on Respondents' motion to expedite consideration of a motion to appoint a limited-purpose receiver in C.A. No. 2024-0877-JTL.

23. At the hearing, Respondents' counsel represented that three proposed receivers were available; that Respondents wanted the receiver to proceed as quickly as possible to "shut down" the French litigation; and that Respondents' primary objective was "getting the title cleared to the properties in St. Barts."

24. Respondents' counsel further represented that a receiver could locate a disputed share needed to effect transfer documents and could ensure that assets were not transferred "out the door."

25. The Delaware court discussed whether a receiver would implement the Delaware order, affect title and transfers, and alter the status quo in ways that might later need to be unwound if the Delaware Supreme Court ruled differently on appeal. The court also discussed a full bond and a receiver as potential alternatives.

26. The Alleged Debtor's written opposition stated that the receiver relief sought by Respondents was intended to pay Global Capital a money judgment, transfer assets or interests to Global Capital, affect proceedings in France scheduled for July 22, 2026, and coordinate with related proceedings in the Cayman Islands.

27. On July 22, 2026, Global Capital's Delaware counsel sent a letter to Vice Chancellor Laster advising that the involuntary petition had been filed in the Northern District of Texas approximately one hour before the July 21 hearing.

28. Thus, by no later than July 22, 2026, Respondents had actual notice of this pending involuntary Chapter 11 case. The stay, however, arose at filing and applied regardless of when Respondents first received notice; notice is relevant principally to the availability of contempt or monetary remedies.

29. The challenged and threatened conduct creates a substantial risk of a cross-border race to alter title, possession, control, and registry status concerning disputed property interests before this Court can adjudicate the effect of the involuntary filing and the rights of the parties.

## ARGUMENT AND AUTHORITIES

### A. The automatic stay arose immediately upon the filing of the involuntary petition.

30. The filing of an involuntary case creates a bankruptcy estate and triggers the imposition of the automatic stay under § 362(a) of the Bankruptcy Code just as in a voluntary bankruptcy case filing. *See, e.g.*, *NLT Computer Servs. Corp. v. Capital Computer Sys., Inc.*, 755 F.2d 1253, 1258 (6th Cir. 1985); *In re Edwin A. Epstein, Jr. Operating Co., Inc.*, 314 B.R. 591, 594 (Bankr. S.D. Tex. 2004). The automatic stay protects the estate and the creditor body by halting unilateral enforcement activity, preventing a race to disputed assets, and preserving this Court's control while the involuntary petition is adjudicated.

31. But until an Order for Relief is entered, the limitations on the putative debtor's use of property found in § 363 of the Bankruptcy Code do not apply. *See* 11 U.S.C. § 303(f)

("Notwithstanding section 363 of this title, except to the extent that the court orders otherwise, and until an order for relief in the case, any business of the debtor may continue to operate, and the debtor may continue to use, acquire, or dispose of property as if an involuntary case concerning the debtor had not been commenced."). "The rationale for allowing the debtor to operate during the involuntary gap period is that prior to the entry of an order for relief, the subject of an involuntary petition should not be adversely affected by the case." *Consolidated Partners Inv. Co. v. Lake*, 152 B.R. 485, 490 (Bankr. N.D. Ohio 1993) (citation omitted)

32. Section 303(f), which generally permits an alleged debtor to continue operating during the gap period, does not authorize creditors to disregard § 362(a). If Respondents believed that cause existed to proceed, their remedy was to request relief under § 362(d), not to act unilaterally. *See In re Cueva*, 371 F.3d 232, 236 (5th Cir. 2004).

**B. Continued pursuit or implementation of the receiver-based relief falls within § 362(a).**

33. Section 362(a)(1) stays the commencement or continuation of a prepetition judicial proceeding against the Alleged Debtor. Section 362(a)(2) stays enforcement against the Alleged Debtor or property of the estate of a prepetition judgment. Section 362(a)(3) stays affirmative acts to obtain possession of or exercise control over property of the estate. Section 362(a)(6) stays acts to collect, assess, or recover a prepetition claim. 11 U.S.C. § 362(a)(1)–(3), (6).

34. The Delaware litigation is a prepetition proceeding against the Alleged Debtor. At a minimum, any postpetition effort by Respondents to implement, execute, compel compliance with, register, domesticate, operationalize, or otherwise give effect to prepetition rulings or judgments against the Alleged Debtor, or to require action by the Alleged Debtor with respect to disputed property interests, falls within § 362(a)(1), (2), (3), and (6).

35. The proposed receiver relief is not merely passive retention of property. According to Respondents' own statements, the requested receiver would take affirmative steps to locate a disputed

share, execute or effect transfer documents, alter title or registry status, prevent transfers, and affect related foreign litigation.

36. Those affirmative acts would obtain possession of, exercise control over, or materially alter the status or disposition of property in which the Alleged Debtor asserts an interest, and would implement Respondents' prepetition claims and rulings. Such conduct falls within § 362(a)(2), (3), and (6).

37. Where ownership is disputed, a party may not make a unilateral determination that the stay is inapplicable and then proceed against property in which the estate has an arguable interest. *See In re Chesnut*, 422 F.3d at 303–05. The proper course is to seek a determination or relief from the bankruptcy court.

38. No exception under § 362(b) is apparent on the present record, and Respondents have not obtained an order in this case terminating, annulling, modifying, or conditioning the automatic stay under § 362(d).

39. The Petitioning Creditors do not ask this Court to extend the stay to nondebtors generally, review the merits of the Delaware court's prepetition rulings, or direct the Delaware court or a foreign tribunal how to manage its docket. They seek an order regulating parties subject to § 362(a) and preserving the status quo pending further order of this Court.

40. To the extent Respondents seek relief beyond enforcement of the existing statutory stay—such as an independent injunction or affirmative recovery of money or property—the Petitioning Creditors reserve the right to commence an adversary proceeding under Rule 7001. The immediate cessation and preservation relief requested here is properly presented as a contested matter under Rule 9014.

**C. Respondents' actual knowledge is established by the present record.**

41. Global Capital's July 22, 2026, letter to Vice Chancellor Laster expressly acknowledged that the involuntary petition had been filed approximately one hour before the July 21 Delaware hearing.

42. The letter establishes actual notice by at least July 22, 2026. After receiving notice, Respondents were obligated to refrain from intentional acts within the scope of § 362(a) unless and until this Court granted relief from the stay.

43. The Petitioning Creditors do not presently ask the Court to find that the July 21 hearing constituted a willful stay violation because the existing record indicates that Respondents may not have learned of the bankruptcy filing until after the hearing.

44. The Court should therefore confirm that the stay applied upon filing and that, after actual notice, Respondents could not continue to pursue, implement, operationalize, or give effect to stayed relief without first obtaining authorization from this Court.

**D. The Court should require immediate cessation and preservation of the status quo.**

45. Section 105(a) authorizes this Court to issue orders necessary or appropriate to carry out the provisions of the Bankruptcy Code, including orders enforcing the automatic stay. 11 U.S.C. § 105(a).

46. In the Fifth Circuit, acts taken in violation of the automatic stay are voidable and may be vacated or unwound by the bankruptcy court. *Sikes v. Global Marine, Inc.*, 881 F.2d 176, 178–79 (5th Cir. 1989).

47. An express enforcement order is appropriate because the challenged conduct involves ongoing or threatened cross-border implementation steps, potential receiver activity, and title or registry consequences for which third parties and foreign tribunals may require direct confirmation of the automatic stay.

48. The Court should order Respondents to cease, after notice and pending further order of this Court, any postpetition effort to seek or implement receiver or similar fiduciary relief against the Alleged Debtor or disputed property interests to the extent governed by § 362(a); any act to clear title, transfer shares, alter registry status, collect a prepetition money judgment, or otherwise give effect to prepetition rulings against the Alleged Debtor or arguable estate property; and any direction to third parties to assist in such acts.

49. The Court should further require Respondents to preserve the status quo existing at the commencement of this case and preserve all relevant paper documents and electronically stored information concerning postpetition filings, communications, proposed or entered orders, receiver activity, transfers, registries, and related foreign proceedings.

50. To permit the parties and this Court to determine whether any postpetition remedial action is necessary, Respondents should also be required promptly to disclose and provide copies of any postpetition filing, proposed order, entered order, transfer document, registry submission, or receiver-related communication reflecting any effort to implement prepetition rulings or judgments, alter disputed property interests, or affect the status of related foreign proceedings concerning the Alleged Debtor or arguable estate property.

**E. Cause exists for an expedited hearing and shortened notice.**

51. Rule 9006(c) permits the Court, for cause, to reduce the applicable notice period. FED. R. BANKR. P. 9006(c).

52. Cause exists because the present record reflects ongoing and threatened efforts, not withdrawn after notice, to use receiver relief and related cross-border proceedings to alter title, control, registry positions, and litigation posture concerning disputed property interests immediately after the filing of this involuntary Chapter 11 case.

53. Delay risks changes to title, possession, control, registry positions, and foreign proceedings that may be difficult or costly to reverse and may impair the orderly administration of this case and the collective interests of creditors.

54. The Petitioning Creditors will provide prompt notice of this Motion to counsel for Respondents, counsel for the Alleged Debtor, the United States Trustee, and all other affected parties. Shortened notice is reasonable because the Motion seeks principally to enforce an existing statutory stay and preserve the status quo pending further order of the Court.

**F. Monetary and contempt relief should be reserved for a later evidentiary record**

55. The immediate objective of this Motion is compliance, disclosure, and preservation—not an unsupported damages award.

56. The Petitioning Creditors request that the Court reserve any civil-contempt remedies, compensatory damages, attorneys' fees, and costs until Respondents have been heard and an evidentiary record establishes the identity and standing of the claimant, the challenged conduct, knowledge, injury, causation, and amount.

57. Nothing in this Motion waives any rights or remedies arising from a stay violation, and nothing should be construed as a present request for punitive relief.

**RESERVATION CONCERNING GAP-PERIOD CONDUCT BY THE ALLEGED DEBTOR**

58. This Motion is directed to conduct by third parties that is prohibited or threatened to be prohibited by § 362(a).

59. Section 303(f) generally permits the Alleged Debtor, before entry of an order for relief, to continue operating and to use, acquire, or dispose of property as if the involuntary case had not been commenced, unless the Court orders otherwise.

60. If later facts demonstrate material gap-period dissipation, transfer, or insider conduct by the Alleged Debtor or its insiders, the Petitioning Creditors reserve the right to seek separate relief under 11 U.S.C. §§ 303(f), 105(a), or other applicable law.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Petitioning Creditors respectfully request that the Court enter an order:

A. declaring that the automatic stay arose upon the filing of the Involuntary Petition at approximately 1:02 p.m. on July 21, 2026;

B. confirming that 11 U.S.C. § 362(a)(1), (2), (3), and (6) apply to the challenged and threatened conduct described in this Motion;

C. enforcing the automatic stay against Global Capital Partners, LLC, Access Management, S.A.S., Inc., and their officers, agents, employees, attorneys, and persons acting in concert with them who receive actual notice of the Court's order;

D. directing Respondents immediately, and pending further order of this Court, to cease, to the extent governed by § 362(a): (i) seeking or implementing appointment of a receiver or similar fiduciary over the Alleged Debtor or disputed property interests; (ii) collecting or enforcing a prepetition money judgment against the Alleged Debtor; (iii) transferring, registering, clearing title to, or otherwise altering control over disputed property interests; (iv) obtaining possession of or exercising control over disputed shares, real-property interests, permits, registry positions, or related assets; (v) implementing, operationalizing, or giving effect in any forum to prepetition rulings against the Alleged Debtor or arguable estate property; and (vi) directing third parties to assist in such acts;

E. requiring Respondents to preserve the status quo existing at approximately 1:02 p.m. on July 21, 2026, pending further order of this Court;

F. requiring Respondents promptly to disclose and provide copies of any postpetition filing, transcript, minute entry, proposed order, entered order, directive, transfer document, registry submission, or receiver-related communication concerning the Alleged Debtor or disputed property interests;

G. declaring that any postpetition act taken within the scope of the automatic stay is voidable and may not be enforced against the Alleged Debtor or property of the estate absent further order of this Court, and that Respondents may not rely on any such postpetition act as a basis for further implementation efforts pending further order of this Court;

H. requiring preservation of all relevant paper documents and electronically stored information;

I. setting this Motion for hearing at the earliest available date and shortening notice for cause;

J. reserving all issues concerning contempt, sanctions, damages, reasonable attorneys' fees, and costs for a later evidentiary determination; and

K. granting all other just and proper relief.

Dated: July 23, 2026.

**TITTLE SANTIAGO, PLLC**

*/s/ Brandon J. Tittle*
Brandon J. Tittle
Texas Bar No. 24090436
Manolo R. Santiago
Texas Bar No. 24129258
1125 Legacy Dr., Ste. 230
Frisco, Texas 75034
Telephone: 972.213.2316
Email: btittle@tittlesantiango.com
Email: msantiago@tittlesantiago.com

**COUNSEL FOR PETITIONING CREDITORS**

## CERTIFICATE OF CONFERENCE

On Jully 26, 2026, at 2:08 p.m. (CST) undersigned counsel conferred with or attempted to confer with counsel for Green Sapphire Holdings Inc., Global Capital Partners, LLC, and Access Management, S.A.S., Inc. concerning the relief requested in this Motion. As of the time of filing the Motion, opposing counsel have not responded with respect to their clients' position.

*/s/ Brandon J. Tittle*
Brandon J. Tittle

## CERTIFICATE OF SERVICE

I certify that on July 26, 2026, a true and correct copy of this Motion and all attachments was served through the Court's CM/ECF system on all registered users and separately served, in the manner required by Federal Rules of Bankruptcy Procedure 9014 and 7004, on Green Sapphire Holdings Inc., Global Capital Partners, LLC, Access Management, S.A.S., Inc., the Office of the United States Trustee, and all other affected non-ECF parties at their proper service addresses and in their proper Rule 7004 capacities.

*/s/ Brandon J. Tittle*
Brandon J. Tittle