Brandon J. Tittle
Texas Bar No. 24090436
Manolo R. Santiago
Texas Bar No. 24129258
**TITTLE SANTIAGO, PLLC**
1125 Legacy Dr., Ste. 230
Frisco, Texas 75034
Telephone: 972.213.2316
Email: btittle@tittlesantiago.com
Email: msantiago@tittlesantiago.com

**COUNSEL FOR PETITIONING CREDITORS**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 26-33254** |
| **GREEN SAPPHIRE HOLDINGS INC.,** | § | |
| | § | **Chapter 11** |
| **Alleged Debtor.** | § | |

**PETITIONING CREDITORS' EMERGENCY MOTION TO DETERMINE AND ENFORCE THE AUTOMATIC STAY AGAINST GLOBAL CAPITAL PARTNERS, LLC OR, ALTERNATIVELY, TO PRESERVE THE STATUS QUO THROUGH THE SEPTEMBER 14, 2026, EVIDENTIARY HEARING, AND BRIEF IN SUPPORT**

**EMERGENCY RELIEF HAS BEEN REQUESTED. THE PETITIONING CREDITORS REQUEST A HEARING AND RELIEF BEFORE THE SEPTEMBER 1, 2026 HEARING NOTICED IN THE NORTHERN DISTRICT OF ILLINOIS. ANY OBJECTION SHOULD BE FILED AND SERVED IMMEDIATELY AND RAISED AT THE EMERGENCY HEARING SET BY THIS COURT.**

**TO THE HONORABLE MICHELLE V. LARSON,**
**UNITED STATES BANKRUPTCY JUDGE:**

Petitioning creditors lecocqassociate, Legamaro Banipal LLP, Charles-Hubert Vanoverberghe, Lazareff Le Bars Legal Advisory Limited (ADGM), and Lazareff Le Bars SARL (collectively, the "Petitioning Creditors") move under 11 U.S.C. §§ 105(a) and 362(a), 28 U.S.C. §§ 1334 and 157(b)(2)(G), and Federal Rules of Bankruptcy Procedure 9013 and 9014 for an emergency determination and enforcement of the automatic stay against Global Capital Partners,

LLC ("Global"). The relief requested is directed only to Global and those acting with it—not to the United States Bankruptcy Court for the Northern District of Illinois or Chief Judge Jacqueline P. Cox. The Petitioning Creditors respectfully show as follows:

**PRELIMINARY STATEMENT**

1. The involuntary petition filed under § 303 on July 21, 2026, immediately triggered the automatic stay. Global nevertheless filed, on August 21, 2026, a motion in Green Sapphire's closed Chicago bankruptcy case asking that court to reopen the case, enforce a prepetition refiling-bar order against Green Sapphire, require Green Sapphire to show cause why it should not be held in contempt, and award Global fees and costs (the "Chicago Motion"). Global noticed the Chicago Motion for September 1, 2026, at 1:00 p.m.—without first requesting relief from the stay in this Court. Attached hereto as **Exhibit A** is a true and correct copy of the Chicago Motion.

2. The Chicago Motion is not peripheral to this case. It asks another court to decide, on an accelerated record, Global's central allegation here: that Green Sapphire controlled or orchestrated the Petitioning Creditors and used the involuntary petition to evade the Illinois refiling bar. It repeatedly attacks the Petitioning Creditors and their Dallas counsel, relies on events and discovery in this case, and seeks findings that Global intends to use to defeat the pending involuntary petition.

3. The timing is the emergency. Global participated in communications with this Court and the parties confirming a live evidentiary hearing on September 14, 2026. The parties' discovery responses and document productions are due September 4, 2026, including discovery Global itself propounded and Global's responses concerning the alleged transfers that it now characterizes in Chicago as evidence of collusion. Yet Global filed the Chicago Motion on August 21 and obtained a September 1 setting—three days before discovery is due and thirteen days before the live

witnesses will testify here. Global did not directly serve or otherwise provide advance notice to the Petitioning Creditors or undersigned Dallas counsel, even though its motion seeks factual findings directed at their conduct. The sequence supports an inference of forum shopping, bad faith, and procedural gamesmanship designed to obtain a first ruling before the agreed evidentiary record exists.

4. The Court should enforce the stay and require Global to cease prosecuting the substantive contempt, sanctions, fee, agency, and collusion issues in Chicago unless and until Global obtains relief from the stay. At minimum, the Court should preserve the status quo through the September 14 evidentiary hearing and entry of this Court's findings.

## FACTUAL BACKGROUND

5. Global's motion to dismiss the involuntary petition places creditor eligibility, independent economic purpose, alleged debtor control, funding, and the legitimacy of Chapter 11 squarely at issue. The parties and the Court have confirmed an evidentiary hearing for September 14, 2026, at which live creditor witnesses will testify and Global will have the opportunity to cross-examine them.

6. Discovery is underway on those same issues. Global served discovery requiring responses by September 4, 2026. The Petitioning Creditors likewise served targeted discovery on Global concerning alleged transfers and potential estate claims, with Global's responses due September 4. The Petitioning Creditors' claim, authorization, funding, and communication records are also scheduled for production on that date.

7. On August 21, 2026, Global filed the Chicago Motion in *In re Green Sapphire Holdings, Inc.*, Case No. 25-07412 (Bankr. N.D. Ill.), Docket No. 145. It noticed presentment for September 1, 2026, at 1:00 p.m. The motion seeks reopening, enforcement of the July 17, 2026,

dismissal and refiling-bar order, an order to show cause why Green Sapphire should not be held in contempt, fees and costs payable to Global, and further relief. Ex. A.

8. The Chicago Motion's certificate states only that service occurred through the Chicago CM/ECF system. The Petitioning Creditors and Tittle Santiago were not parties or registered ECF recipients in the closed Chicago case. Global did not directly serve them, confer with them, or disclose the accelerated September 1 setting before filing, although the motion labels them the "Green Sapphire Lawyers," accuses them of collusion, attacks their claims and motives, and relies on their Dallas discovery.

9. Global did not file a motion for relief from stay or seek a determination from this Court before prosecuting the Chicago Motion. Global instead created a race between a September 1 Chicago presentment and the September 4 discovery deadline and September 14 evidentiary hearing in this Court.

## ARGUMENT

### A. The Section 303 Petition Triggered the Automatic Stay Immediately.

10. Section 362 is explicit: "a petition filed under section 301, 302, or 303" operates as a stay applicable to all entities. 11 U.S.C. § 362(a). No order for relief is required. Section 303(f) permits an alleged debtor to continue operating during the gap period absent a contrary order; it does not displace § 362(a). The stay protects both the alleged debtor and the collective creditor process by preventing a race to obtain advantage outside the bankruptcy forum. *See Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1146 (5th Cir. 1987).

11. Determining the scope and enforcement of the automatic stay is a core proceeding. 28 U.S.C. § 157(b)(2)(G). The Petitioning Creditors are parties in interest directly threatened by a proceeding designed to obtain findings that would impair the involuntary case and the collective

recovery process. The Fifth Circuit recognizes that the stay protects creditors from unequal treatment and permits an injured creditor to invoke its protection. *St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 539–45 (5th Cir. 2009); *see also Ayers v. Neugebauer*, No. 25-10572 (5th Cir. July 16, 2026).

**B. Global's Chicago Motion Seeks to Enforce a Prepetition Order and Advance a Private Prepetition Claim Against Green Sapphire.**

12. The Chicago Motion facially implicates § 362(a)(2), which stays "the enforcement, against the debtor" of a judgment obtained before the bankruptcy case. Global expressly asks Judge Cox to enforce the July 17 prepetition dismissal and refiling-bar order against Green Sapphire. It also implicates § 362(a)(1) to the extent it commences or continues an adversarial contempt proceeding against Green Sapphire, and § 362(a)(6) to the extent it advances Global's collection of its prepetition judgment and seeks fees and costs for Global.

13. Global knew of the involuntary petition and the stay. Its challenged acts—filing the Chicago Motion, noticing the September 1 presentment, and seeking contempt and fees—were intentional. A willful stay violation does not require a subjective intent to violate the stay; knowledge of the stay and an intentional act are sufficient. *Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 355 (5th Cir. 2008). The Court need not decide damages now. It should first stop the threatened prosecution and determine the stay's scope.

**C. Section 362(b)(4) Does Not Authorize Global to Obtain the Full Private Relief it Seeks, and at Minimum Requires Threshold Determination.**

14. Global may argue that contempt proceedings fall within § 362(b)(4). The exception, however, is applied through the Fifth Circuit's pecuniary-purpose and public-policy tests: whether the proceeding primarily protects public welfare and effectuates public policy, or instead protects

pecuniary interests and adjudicates private rights. *In re Halo Wireless, Inc.*, 684 F.3d 581, 587–89 (5th Cir. 2012). The totality of the circumstances controls.

15. This is not a court-initiated disciplinary proceeding. It is a privately initiated motion by Green Sapphire's largest judgment creditor seeking fees for itself, strategic findings to defeat this case, and protection of its private receiver and collection strategy. Although *Alpern v. Lieb*, 11 F.3d 689, 690–91 (7th Cir. 1993), treated Rule 11 sanctions as regulatory, the Northern District of Illinois has distinguished civil contempt that is primarily remedial and designed to enforce private rights. *Erhardt v. Baldassarre (In re Erhardt)*, 618 B.R. 832, 845 (N.D. Ill. 2020). Global's mixed private and pecuniary objectives at minimum require a stay determination before substantive relief is obtained.

16. Even where § 362(b)(4) permits a proceeding to continue, its text excludes enforcement of a money judgment. 11 U.S.C. § 362(b)(4). Global therefore cannot use the exception to collect or enforce fees, costs, or other monetary relief against Green Sapphire without appropriate bankruptcy authorization. Nor should Global obtain collateral findings against nonparties who received no direct notice and whose live testimony is already set here.

**D. Global's Secret, Accelerated Forum Race Warrants Emergency Status-Quo Relief.**

17. Global's sequence is highly probative. Global participated in the process confirming the September 14 evidentiary hearing. Global propounded discovery due September 4 and must respond to discovery on the same date. Yet it filed the Chicago Motion and noticed a September 1 hearing without directly notifying the Petitioning Creditors or their Dallas counsel. Its Chicago filing asks another court to decide the same control, collusion, funding, and bankruptcy-purpose issues before the evidence is produced and before the witnesses testify.

18. The Chicago Motion is therefore not merely parallel litigation. It is an effort to outrun this Court's existing schedule and manufacture a first ruling on an incomplete record. That conduct supports an inference of bad faith and procedural gamesmanship. It also creates a substantial risk of inconsistent federal findings, duplicative discovery, unnecessary expense, and unfair prejudice to creditors who are accused in Chicago but are not parties there.

19. The requested relief is narrow and respects inter-court comity. The Petitioning Creditors do not ask this Court to direct Judge Cox or control the Chicago docket. They ask this Court to bind Global—an active party before this Court—and require Global to honor the stay unless and until it obtains relief. The order may expressly permit Global to advise the Chicago court of this Motion, request a continuance, and litigate the stay's applicability in the proper procedural posture.

## PRAYER

The Petitioning Creditors respectfully request that the Court enter an emergency order: (a) determining that the automatic stay applies to Global's prosecution of the Chicago Motion insofar as Global seeks enforcement of the prepetition order, contempt, fees, costs, sanctions, or findings that Green Sapphire controlled the Petitioning Creditors; (b) directing Global and those acting with it to cease substantive prosecution of that relief unless and until this Court grants relief from stay; (c) directing Global promptly to notify the Chicago court of this Motion and request continuation of the September 1 presentment; (d) prohibiting collection or enforcement of any monetary award without further order; and (e) preserving all requests for fees, damages, sanctions, and other relief arising from Global's conduct.

Alternatively, if the Court determines that § 362(b)(4) may permit some portion of the Chicago proceeding, the Petitioning Creditors request an order preserving the status quo and

requiring Global to defer all substantive contempt, agency, collusion, sanctions, and fee issues until after the September 4 discovery exchange, the September 14 live evidentiary hearing, and entry of this Court's findings.

Dated: August 24, 2026.

Respectfully submitted,

**TITTLE SANTIAGO, PLLC**

*/s/ Brandon J. Tittle*
Brandon J. Tittle
Texas Bar No. 24090436
Manolo R. Santiago
Texas Bar No. 24129258
1125 Legacy Dr., Ste. 230
Frisco, Texas 75034
Telephone: 972.213.2316
Email: btittle@tittlesantiango.com
Email: msantiago@tittlesantiago.com

**COUNSEL FOR PETITIONING CREDITORS**

## CERTIFICATE OF CONFERENCE

On August 24, 2026, undersigned counsel conferred by email with counsel for Global Capital Partners, LLC, Access Management, S.A.S., Inc. and Green Sapphire Holdings Inc. regarding the relief requested. Global has not responded and Green Sapphire supports the position.

*/s/ Brandon J. Tittle*
Brandon J. Tittle

## CERTIFICATE OF SERVICE

I certify that on August 24, 2026, a true and correct copy of this Emergency Motion, the Application for Expedited Hearing, and all supporting materials was served through the Court's CM/ECF system on all registered users and was also served in the manner required by Federal Rules of Bankruptcy Procedure 9014 and 7004 on Global Capital Partners, LLC, Access Management, S.A.S., Inc., Green Sapphire Holdings Inc., the Office of the United States Trustee, and all other affected non-ECF parties at their proper service addresses and in their proper Rule 7004 capacities. A courtesy copy was sent by email to all counsel of record, including counsel who filed the Chicago Motion.

*/s/ Brandon J. Tittle*
Brandon J. Tittle