**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>GREEN SAPPHIRE HOLDINGS, INC.,<br><br>Putative Debtor. | Case Number 26-33254-mv111<br><br>Chapter No.: 11 (Involuntary) |

**GLOBAL CAPITAL PARTNERS, LLC'S OBJECTION TO THE APPLICATION FOR ORDER SHORTENING TIME AND EXPEDITED HEARING ON MOTION TO DETERMINE AND ENFORCE THE AUTOMATIC STAY FILED BY THE GREEN SAPPHIRE LAWYERS**

Global Capital Partners, LLC ("Global Capital") respectfully submits the following objection to the *Application for Order Shortening Time and Expedited Hearing on Motion to Determine and Enforce the Automatic Stay* (ECF 44) filed by petitioning creditors lecocqassociate, Legamaro Banipal LLP, Charles-Hubert Vanoverberghe, Lazareff Le Bars Legal Advisory Limited (ADGM), and Lazareff Le Bars SARL (collectively, the "Green Sapphire Lawyers").

1. Global Capital has moved to reopen Green Sapphire's bankruptcy case in the Northern District of Illinois for the limited purpose of enforcing Chief Judge Jacqueline Cox's order of dismissal barring Green Sapphire from refiling for bankruptcy relief for one year. Green Sapphire directly disobeyed Judge Cox and violated her bar order by refiling in this District only days later in the guise of a patently collusive "involuntary" petition. Global Capital has moved for an order to show cause why Green Sapphire should not be held in contempt of court. The hearing on the show-cause motion is set for September 1, 2026.

2. Judge Cox is empowered to enforce her order of dismissal. Bankruptcy courts "plainly ha[ve] jurisdiction to interpret and enforce … prior orders." *Travelers Indem. Co. v.*

*Bailey*, 557 U.S. 137, 151 (2009). Even following dismissal, bankruptcy courts retain jurisdiction to enforce prior orders and where appropriate hold a debtor in contempt. *See, e.g.*, *In re Direct Media Power, Inc.*, 582 B.R. 739, 742 (Bankr. N.D. Ill. 2018). The automatic stay triggered in violation of Judge Cox's bar order cannot be wielded to defeat its enforcement.

3. Now the Green Sapphire Lawyers—not Green Sapphire—have moved to enjoin the proceedings before Judge Cox and shield their client from answering for its contumacy. They filed their motion on August 24. Local Bankruptcy Rule 7007-1(e) provides, "A response and brief to an opposed motion shall be filed within 21 days from the date the motion is filed." Global Capital opposes the motion and intends to file its response within the prescribed time, on or before September 14. The Green Sapphire Lawyers have not shown a genuine emergency to shorten that time and have their motion heard before the September 1 hearing in Illinois.

4. The Green Sapphire Lawyers contend that "[u]nless this Court acts before September 1, Global may obtain overlapping relief before this Court's discovery and evidentiary schedule is completed." Application at ¶ 2. But the September 1 hearing does *not* present a risk of overlapping relief. At that hearing, Global Capital is seeking an order to show cause why Green Sapphire should not be held in contempt. No similar "relief" is sought in this case. Judge Cox is the appropriate authority to enforce her order and hold Green Sapphire in contempt.

5. The Green Sapphire Lawyers also complain about a supposed lack of service and request for relief from the automatic stay. Application at ¶ 3. However, Global Capital served copies of the show-cause motion on all interested parties in the Illinois bankruptcy—including lecocqassociate and Charles-Hubert Vanoverberghe, now among the Green Sapphire Lawyers—via the CM/ECF system and first-class mail. *See* Exhibit A. And a request for relief from the automatic stay was *not* required for a show-cause motion such as this, as Global Capital will

demonstrate in its response to the motion to enjoin the contempt proceedings. For purposes of this application, neither contention shows a genuine emergency supporting expedition.

6. Last night, Green Sapphire moved in the Illinois bankruptcy case to continue the September 1 hearing until after the hearing in this case on September 14. *See* Exhibit B. Unsurprisingly given their collusion, Green Sapphire makes the same arguments in that motion to continue as the Green Sapphire Lawyers make in their motion to enjoin the contempt proceedings. Global Capital strongly disagrees with the contentions in Green Sapphire's motion before Judge Cox and will respond appropriately. But it respectfully submits that Judge Cox should determine in the first instance whether to hear the motion before her on September 1.

7. Under this Court's procedures, a party seeking an expedited hearing must show a genuine emergency. The Green Sapphire Lawyers have failed to make that showing. Global Capital respectfully requests the Court to deny the application for an expedited hearing and allow Global Capital the time to respond prescribed by the Local Bankruptcy Rules.

Dated August 26, 2026

**DENTONS US LLP**

*/s/ Spencer D. Hamilton*
Spencer D. Hamilton
Texas Bar No. 24097656
DENTONS US LLP
100 Crescent Court, Suite 900
Dallas, Texas 75201
Tel: (214) 259-0900
Email: spencer.hamilton@dentons.com

Kenneth J. Pfaehler (*pro hac vice* granted)
Nicholas W. Petts (*pro hac vice* granted)
DENTONS US LLP
1900 K Street N.W.
Washington, D.C. 20006
Tel: (202) 408-6468
Email: kenneth.pfaehler@dentons.com
nicholas.petts@dentons.com

Robert E. Richards (*pro hac vice* granted)
Samantha Siegen (*pro hac vice* forthcoming)
233 S. Wacker Drive, Suite 5900
Chicago, Illinois 60606
Tel: (312) 876-7396
Email: robert.richards@dentons.com
Samantha.siegen@dentons.com

*Counsel to Global Capital Partners, LLC*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that he served a copy of the foregoing on all counsel of record via the Court's CM/ECF System on August 26, 2026.

By: */s/ Nicholas W. Petts*
Nicholas W. Petts