Brandon J. Tittle
Texas Bar No. 24090436
Manolo R. Santiago
Texas Bar No. 24129258
**TITTLE SANTIAGO, PLLC**
1125 Legacy Dr., Ste. 230
Frisco, Texas 75034
Telephone: 972.213.2316
Email: btittle@tittlesantiago.com
Email: msantiago@tittlesantiago.com

**COUNSEL FOR PETITIONING CREDITORS**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 26-33254** |
| **GREEN SAPPHIRE HOLDINGS INC.,** | § | |
| | § | **Involuntary Case** |
| **Alleged Debtor.** | § | |

# PETITIONING CREDITORS' EMERGENCY OBJECTION TO GLOBAL'S NOTICE OF WITHDRAWAL; EMERGENCY REQUEST FOR WITH-PREJUDICE DISPOSITION; AND ALTERNATIVE EMERGENCY MOTION TO PRESERVE THE SEPTEMBER 14 EVIDENTIARY HEARING

# TABLE OF CONTENTS

Page

**TABLE OF AUTHORITIES** ........ **ii**

**PRELIMINARY STATEMENT** ........ **1**

**JURISDICTION AND PROCEDURAL BASIS** ........ **3**

**BACKGROUND** ........ **3**

A. Global Requested, Confirmed, and Later Reaffirmed the September 14 Hearing. ........ 3

B. The September 1 Texas Ruling Preserved the Schedule; Global Then Reaffirmed a Texas-First Hearing Sequence in Chicago. ........ 4

C. The Petitioning Creditors Produced a Substantive Record and Sought Resolution of Discovery Disputes. ........ 6

D. Global then Withdrew While Preserving a Later Attack and Announcing a Different Forum. ........ 8

**RELIEF REQUESTED** ........ **9**

**ARGUMENTS AND AUTHORITIES** ........ **10**

A. The Notice Does Not Cancel the Court's Hearing or Dispose of the Pending Petition. ........ 10

B. The Court Should Reject Withdrawal Without Prejudice and Require Finality on Global's Existing Dismissal Grounds. ........ 11

C. The Chicago Record Shows Why Cancellation Would Reward the Attempt to Bypass this Court's Process. ........ 13

D. The Discovery Dispute Should be Resolved, Not Used to Erase the Merits Setting. ........ 13

E. The September 1 Ruling Preserved Stay-Enforcement Issues for a Separate, Properly Noticed Determination. ........ 15

F. Alternatively, Preserve September 14 for Evidence, Findings, and an Order for Relief Under § 303. ........ 16

G. Available Expense Remedies Should Be Preserved Without Expanding This Objection into a Sanctions Motion. ........ 18

**PRAYER** ........ **19**

**CERTIFICATE OF SERVICE** ........ **20**

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Airport Business Center v. Alfahel (In re Alfahel)*, 651 B.R. 381 (B.A.P. 9th Cir. 2023) .............11

*Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287 (5th Cir. 2016) .............12

*Cadle Co. v. Pratt (In re Pratt)*, 524 F.3d 580 (5th Cir. 2008) .............18

*Cooper* (cited by name only) .............15

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) .............18

*Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314 (5th Cir. 2002) .............11–12, 18

*Halo Wireless* (cited by name only) .............15

*In re Chesnut* (cited by name only) .............5

*In re FEMA Trailer Formaldehyde Products Liability Litigation*, 628 F.3d 157 (5th Cir. 2010) .............11–12

*Sabre* (cited by name only) .............15

*Subway Equipment Leasing Corp. v. Sims (In re Sims)*, 994 F.2d 210 (5th Cir. 1993) .............16

**Statutes**

11 U.S.C. § 303 .............1, 3, 9–10, 16–19

11 U.S.C. § 303(b) .............16

11 U.S.C. § 303(c) .............16

11 U.S.C. § 303(h) .............16, 18

11 U.S.C. § 303(h)(1) .............16

11 U.S.C. § 362 ........................................................................ 15

11 U.S.C. § 362(b)(4) ........................................................................ 15

28 U.S.C. § 157 ........................................................................ 3

28 U.S.C. § 1334 ........................................................................ 3

**TO THE HONORABLE MICHELLE V. LARSON**
**UNITED STATES BANKRUPTCY JUDGE:**

lecocqassociate; Legamaro Banipal LLP; Charles-Hubert Vanoverberghe; Lazareff Le Bars Legal Advisory Limited (ADGM); and Lazareff Le Bars SARL (collectively, the "Petitioning Creditors") object to Global Capital Partners, LLC's ("Global") Notice of Withdrawal, Docket No. 57, and request the relief stated below. Alternatively, they move under 11 U.S.C. § 303 and Bankruptcy Rules 1013, 1018, and 9013 to preserve the September 14, 2026 hearing for evidence and findings on the pending involuntary petition and its good-faith commencement. In support, the Petitioning Creditors respectfully state:

## PRELIMINARY STATEMENT

1. Global should not be permitted to obtain an expedited hearing, require the Petitioning Creditors to prepare for it, and then erase the setting while preserving the same dismissal grounds for another day and another forum. Global agreed to September 14th in its August 21st email to this Court. On September 1, 2026, Global again told this Court that it was not trying to postpone the hearing and wanted its dismissal motion heard here. That afternoon, it told Judge Cox: "We pushed for the hearing on our motion to dismiss. We stand by that in Texas." Eight days later, it filed a notice withdrawing that motion "without prejudice to refiling at a later date." Ex. C at 1; Ex. M, Tr. 20:9–14, 20:21–25; Ex. K, Tr. 11:11–20; Ex. A at 1.

2. The Petitioning Creditors served substantive discovery responses and produced 1,616 Bates-labeled pages addressing their claims, funding, and independent decisions. Global then requested deposition dates on Labor Day, September 7, 2026, for later that week. The Petitioning Creditors opposed the compressed schedule and requested a conference concerning Global's own deficient discovery. While those disputes remained unresolved, Global withdrew its dismissal motion and announced an intended transfer to Illinois. That sequence supports the

inference that Global seeks to avoid Judge Larson's imminent examination of its collusion allegations and allow Judge Cox to address them first. Exs. D–J; Ex. K, Tr. 11:11–20; Ex. L ¶ 3.

3. The sworn answers expressly deny debtor funding, agreements to orchestrate the filing, and discussions with the identified principals about whether to file or join. They provide a creditor-specific account of genuine unpaid claims and independent economic reasons for seeking relief. The Petitioning Creditors maintain that the disclosed record rebuts collusion; Global's disagreement is a reason to test that record at the scheduled hearing, not to abandon the hearing while retaining its accusations. The Court need not accept either side's characterization without evidence. It should preserve the process established to decide the dispute. Ex. G at 6–8, 11–13; Ex. H at 2, 6–8, 12–15.

4. The Petitioning Creditors request that Global's Motion to Dismiss, Docket No. 11, be withdrawn or dismissed only WITH PREJUDICE to renewal of the existing grounds directed at the commencement of this involuntary case and the creditors' joinders. If that condition is imposed under Rule 41(a)(2), Global must be allowed to reject it and proceed with its motion. Alternatively, if the Court permits withdrawal without prejudice, the Petitioning Creditors request the opportunity to present testimony and documentary evidence on September 14, 2026, establishing compliance with § 303 and the petition's good-faith, noncollusive commencement, and to obtain an order for relief with appropriate findings. The requested prejudice concerns Global's dismissal motion—not dismissal of the involuntary petition. Substantial preparation and international travel should yield a determination of the pending petition, not an indefinite postponement.

## JURISDICTION AND PROCEDURAL BASIS

5. This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157 over this involuntary case and the proceedings arising in it. Bankruptcy Rules 1013 and 1018 govern disposition of the petition; Rule 1018 expressly incorporates Rule 7052. Rules 1017(f)(1), 9014, and 7041 govern independent contested-matter dismissal requests where applicable. The alternative request identifies the grounds and relief under Rule 9013 and concerns the pending petition, not a separate declaratory-judgment action. Separate sanctions or contempt relief remains subject to its own motion, service, and hearing requirements. This filing does not request an injunction against another court.

## BACKGROUND

### A. Global Requested, Confirmed, and Later Reaffirmed the September 14 Hearing.

6. Global filed its motion to dismiss at Docket No. 11. The Petitioning Creditors filed an opposition and prepared to defend their filing decisions. The Notice identifies Docket No. 11 as the motion being withdrawn. At the August 18 status conference, this Court determined that an evidentiary hearing was necessary to address the disputed allegations. Ex. A at 1; Ex. B, Tr. 30:1–2, 31:13–25.

7. Global expressly asked the Court to hold September 14th because that date was available to its counsel. It stated that it wanted the written discovery and then depositions before that hearing. The Court ultimately required written responses by September 4, contemplated depositions during the week of September 7, 2026, and reserved the requested hearing date. The Court also directed counsel to confer about witnesses and stipulations. Ex. B, Tr. 36:9–21, 39:1–20.

8. The August 18th discussion identified Michael Legamaro, Benoit Le Bars, J. Michael McNutt, and Dominique Lecocq, including their anticipated travel or participation limitations. Their identities were therefore known well before the final witness-list deadline. The same conference contemplated hearing the corrective chapter-designation amendment with the dismissal motion. Ex. B, Tr. 32:9–20, 39:22–25, 41:3–19.

9. On August 21, Global's counsel Nicholas Petts emailed Ms. Harden to confirm: "The parties have agreed on a hearing date of September 14 for the pending motion to dismiss and motion to amend the petition." This was an express agreement communicated by Global itself, not an assumption by the Petitioning Creditors. Ex. C at 1.

### B. The September 1 Texas Ruling Preserved the Schedule; Global Then Reaffirmed a Texas-First Hearing Sequence in Chicago.

10. At the September 1st hearing before this Court, Global expressly denied seeking to remove the September 4 discovery deadline or the September 14th dismissal hearing from the calendar. It said it had pushed for expedition and wanted the motion to dismiss heard here. Global also identified the overlapping collusion issue as a question for this Court on dismissal and for Judge Cox in the contempt context. Ex. M, Tr. 20:9–14, 20:21–25, 21:19–21. Exhibit M is the complete draft transcript supplied to counsel; citations refer to its printed page and line numbers and should be conformed to the final transcript if corrected.

11. This Court reaffirmed the existing process. It explained that Global might obtain dismissal, but only after a full evidentiary hearing, and then stated that "the same dates and deadlines apply." Global's counsel responded that the Court's statements were received and heard. Ex. M, Tr. 35:4–17. The Court did not determine the merits in either side's favor. It confirmed the opportunity for evidence and the continued force of the schedule on which the parties had relied.

12. On September 1, Judge Cox heard Global's request to reopen the former Chicago bankruptcy, Case No. 25-07412, and issue a contempt show-cause order. Global characterized the Texas involuntary petition as collusive and asserted that its papers established a prima facie basis for contempt. Its request was not confined to opening a docket: it sought an order requiring Green Sapphire to answer for causing the Texas petition to be filed. Ex. K, Tr. 3:11–24, 4:1–24, 7:1–7.

13. The Chicago hearing followed this Court's stay ruling that morning. This Court determined that the automatic stay existed, invoked In re Chesnut's permission-before-action principle, and warned that Global would proceed in Chicago at its own peril. It declined to enjoin the Chicago court, stated that reopening alone was not necessarily a violation, and reserved any violation for a subsequent motion. Ex. M, Tr. 30:19–31:2, 33:3–21, 34:1–10, 35:9–13. Debtor's counsel then reported that ruling in Chicago with Global participating. Ex. K, Tr. 7:18–8:23. The present objection relies on the Texas transcript itself, not merely counsel's later description.

14. After that statement, Global continued to oppose postponement of the requested show-cause order. At the same time, it represented that it stood by the Texas hearing and accepted a Texas-first evidentiary sequence. Its counsel stated that the return date and evidentiary hearing in Chicago could occur after September 14th, explaining that Global had pushed for, and still wanted, the hearing on its Texas dismissal motion. Ex. K, Tr. 10:20–11:20. Later, counsel again requested a Chicago show-cause date after September 14th. Id. 19:18–24.

15. Judge Cox granted limited reopening. The resulting order, Docket No. 153, requires a debtor representative to appear on September 30 to show cause why Green Sapphire should not be held in contempt for having the Texas involuntary petition filed, and preserves Global's ability to seek related fees and expenses. It does not adjudicate collusion or impose a final contempt

sanction. Ex. L ¶¶ 2–4. The written order's dates and terms, rather than tentative scheduling statements in the transcript, control.

16. Thus, before seeking cancellation here, Global had secured a later Chicago proceeding addressing the same alleged orchestration and had expressly represented that the Texas merits hearing would come first. Removing the September 14th hearing while preserving the Chicago setting would reverse that sequence. Global's announced transfer strategy reinforces the inference that it wants the collusion dispute decided by Judge Cox instead of having Judge Larson first decide the developed Texas record. That inference concerns Global's litigation choices, not the impartiality or authority of either court.

**C. The Petitioning Creditors Produced a Substantive Record and Sought Resolution of Discovery Disputes.**

17. The Petitioning Creditors served written responses and produced the consolidated collection labeled Involuntary Petitioners — 00001 through 01616. Their production responses describe a reasonable search, a Bates-stamped PDF, TIFF images and load files, request designations, and privilege-related withholding. The actual final production responses are attached as Exhibits I and J. Ex. I at 1–2; Ex. J at 1–2. The completed interrogatory responses, including the executed verification pages, are attached as Exhibits G and H.

18. The original creditors' answers explain their separate consideration of an involuntary case, their claims, and their authorization of the filing. They deny receiving petition-related funding from Green Sapphire or its identified principals and deny any agreement concerning orchestration of the petition. The joining creditors likewise describe their later, independent decisions and their own unpaid claims. These are substantive responses to Global's central allegations, with citations to supporting produced records—not a refusal to disclose any facts. Ex. G, answers to Interrogatories 1, 2, 7, and 8, at 6–8, 11–13; Ex. H at 2, 6–8, 12–15.

19. The Petitioning Creditors maintain that they complied by supplying responsive nonprivileged discovery, subject to their stated objections, and that their production rebuts the collusion theory. Global disputes both adequacy and timing. The attached answers and service certificates are dated September 5, 2026; the Petitioning Creditors do not ask the Court to infer September 4 delivery from a September 5 certificate. Any dispute about an extension, delivery, a particular answer, or an asserted privilege should be determined from the actual correspondence and record. Ex. G at 21–24; Ex. H at 19–21. The existence of those disputes does not erase the substantial discovery already supplied.

20. On Monday, September 7, 2026, Mr. Petts requested availability for depositions "later this week" of the witnesses the Petitioning Creditors intended to call and separately requested Michael Legamaro's availability. The email did not set individual examination dates. This was a request made on Monday for later-week depositions, not a notice commanding depositions on Monday. Ex. D at 1.

21. On September 8, 2026, the Petitioning Creditors opposed the request in writing. Their response explained the need for substantial preparation, existing professional commitments, international travel to Dallas, anticipated post-travel fatigue, and the limited remaining time to prepare for the September 14 hearing. It separately explained Legamaro's week-long charitable-program responsibilities. The response asked Global to use proper notice and court procedures if it insisted on the examinations. Ex. E at 1–3. Counsel has been advised that Lecocq, McNutt, and Le Bars are scheduled to travel from overseas on Friday, September 11.

22. The Petitioning Creditors also sought to resolve deficiencies in Global's own discovery. Their September 8 email identified incomplete answers, unexplained production limitations and confidentiality exclusions, and inadequate responses concerning the proposed

receiver powers. It requested a telephone meet-and-confer at 1:00 p.m. Central Time on September 9 and concrete supplementation commitments. Ex. F at 1–2. The requested response times were counsel's proposed deadlines, not an order of this Court.

23. On September 9, Mr. Petts rejected the Petitioning Creditors' criticisms, identified asserted deficiencies in their responses, and proposed a conference the following day, Thursday. He also renewed the request for witness identities and deposition availability. Ex. F at 3–4. That exchange demonstrates active efforts to address discovery on both sides. The Petitioning Creditors do not contend that Global refused every conference; they object that it sought to cancel the hearing while the proposed conference and the disputed discovery issues remained unresolved.

**D. Global then Withdrew While Preserving a Later Attack and Announcing a Different Forum.**

24. On September 9, Global's new local counsel advised the courtroom deputy that Global was withdrawing without prejudice to refiling after further discovery, that September 14 could therefore be cancelled, and that Global intended to seek transfer to the Northern District of Illinois. The Petitioning Creditors oppose those requested consequences.

25. Global then filed the Notice at 4:05 p.m. on September 9. It states only that Global withdraws Docket No. 11 "without prejudice to refiling at a later date." It gives no discovery-specific explanation, proposes no deadline for any renewed motion, and identifies no agreement to cancel the hearing. The filed Notice itself does not seek or grant venue transfer. Ex. A at 1–2. The Court should consider the actual Notice together with the scheduling and Chicago record, rather than treat its reservation of rights as judicial approval of the announced plan.

26. Counsel has devoted substantial time to defending the dismissal motion, collecting and reviewing discovery, preparing the production, organizing exhibits, and preparing the witnesses. The creditors have also arranged international travel in reliance on the agreed setting.

Cancellation followed by renewed litigation risks wasting hearing-specific work and imposing duplicative expense. The Petitioning Creditors request a prompt opportunity to substantiate the amounts, nonrefundable commitments, and work that would be lost or repeated. They will mitigate avoidable expense once the Court clarifies what proceedings remain necessary.

**RELIEF REQUESTED**

27. The Petitioning Creditors request denial of the Notice's proposed without-prejudice disposition. To the extent judicial leave is required, the Court should permit withdrawal of Docket No. 11 only with prejudice to renewal of the same dismissal grounds concerning this case's commencement and the Petitioning Creditors' filing or joinder decisions. Global must have the opportunity to decline that condition and proceed to adjudication. The requested finality does not bar a later motion based on materially new post-withdrawal events, a timely appeal, or relief available under Rules 9023 or 9024.

28. Alternatively, if the Court permits withdrawal without prejudice or determines that the Notice is already effective, the September 14 hearing should remain set for the Petitioning Creditors to introduce testimony and documents establishing the applicable requirements of § 303, including creditor qualification and joinder, and demonstrating that the petition was filed and joined in good faith rather than through collusion. They request admission and consideration of the evidence, findings supported by that evidence, disposition of the chapter-designation amendment as necessary, and entry of Chapter 11 relief. This alternative concerns their still-pending petition and does not depend on reviving a withdrawn motion.

29. Under either disposition, withdrawal should not cancel the pending petition, extend discovery, authorize a renewed dismissal motion in advance, transfer the case, or extinguish otherwise available expense and stay-enforcement remedies. The Petitioning Creditors request

prompt direction before international witness travel and an express ruling defining the September 14 hearing's scope. The proposed good-faith and § 303 findings are requested after receipt of evidence and an appropriate opportunity for Global and other parties entitled to participate to be heard; they are not requested by default from the withdrawal itself.

## ARGUMENTS AND AUTHORITIES

### A. The Notice Does Not Cancel the Court's Hearing or Dispose of the Pending Petition.

30. Judge Larson's published procedures require agreement of the interested parties or a court order to continue or remove a matter already noticed or set. An opposed request requires the Court's consideration of cause; the Court may decide it by minute entry or written order. Judge Michelle V. Larson, Judge-Specific Guidelines, "Resets/Removals from the Docket (Non-Lift Stay Motions)." No agreement exists here. Global's statement that the hearing can be cancelled is a request for scheduling relief, not the Court's disposition of that request.

31. Global's August 21 confirmation identified both dismissal and amendment of the petition as September 14 matters. Ex. C. On September 1, the Court again required adherence to the existing dates and deadlines. Ex. M, Tr. 35:4–17. An effective withdrawal of Global's motion would not adjudicate the creditors' petition or withdraw their amendment request. The Court should retain the setting to decide those live matters and define the evidentiary presentation, rather than allow one party's notice to dispose of the entire hearing.

### B. The Court Should Reject Withdrawal Without Prejudice and Require Finality on Global's Existing Dismissal Grounds.

32. Bankruptcy Rule 9014 incorporates Rule 7041, which makes Civil Rule 41 applicable to the contested matters it governs. A party that has received an answer ordinarily cannot unilaterally dismiss its affirmative action under Rule 41(a)(1)(A)(i); absent a stipulation, Rule 41(a)(2) requires a court order on proper terms. In *Airport Business Center v. Alfahel (In re*

*Alfahel)*, 651 B.R. 381, 387–89 (B.A.P. 9th Cir. 2023), the court treated an opposition to a contested bankruptcy motion as an answer and explained why an opposed motion could not be effectively withdrawn by notice alone. That persuasive decision supports court supervision of Global's independent, opposed requests for affirmative relief.

33. The Petitioning Creditors recognize the distinction between those requests and abandonment of opposition to an involuntary petition under Rule 1018, which does not automatically incorporate Rule 7041. The Court should identify the procedure governing each part of Docket No. 11. If Global is only abandoning a petition contest, it has no basis to reserve that contest as a reason to defer entry of relief indefinitely. If it seeks voluntary dismissal of an independent contested matter, the prior opposition and Rule 41(a)(2) require consideration. Either way, the Notice does not grant an automatic discovery reset or cancel other parties' pending requests.

34. Where Rule 41(a)(2) applies, the Court may deny an unconditional withdrawal or impose a narrowly tailored with-prejudice condition to cure plain legal prejudice. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317–20 (5th Cir. 2002). Late-stage withdrawal that wastes trial preparation and undermines an established adjudicative process can justify such a condition. *In re FEMA Trailer Formaldehyde Products Liability Litigation*, 628 F.3d 157, 162–64 (5th Cir. 2010). Although FEMA involved bellwether litigation, its reasoning supports scrutiny of Global's attempt to abandon the hearing it demanded while retaining the same unresolved attack. The Court should assess the actual prejudice and tailor the restriction to Docket No. 11's existing dismissal grounds.

35. The prejudice asserted here is not merely the ordinary expense of another proceeding. Global obtained a specific evidentiary date, reaffirmed it to both courts, and received substantial responses directed to the asserted collusion. It now seeks to reverse the agreed sequence

after the creditors incurred hearing-specific expense and arranged overseas travel. A fee reservation alone would not ensure prompt adjudication of the pending petition or prevent another attempt to postpone that adjudication. The requested condition addresses the existing dismissal grounds; it does not forbid an independently justified venue motion or new cause arising later in the case. Exs. A–H, K–M.

36. The required procedural safeguards should accompany that relief. *Elbaor* requires an opportunity to reject a with-prejudice condition and continue litigating rather than accept it. 279 F.3d at 320. The Petitioning Creditors therefore request an election, not automatic conversion of the Notice into a merits judgment. If the Court finds instead that the Notice was self-effectuating under Rule 41(a)(1), *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291–99 (5th Cir. 2016), limits the Court's ability to add refiling restrictions afterward. In that event, the independent alternative below supplies the proper course: adjudicate the still-pending involuntary petition on September 14, 2026.

37. The proposed restriction should be precise. It would foreclose Global's renewal of the dismissal grounds asserted in Docket No. 11 based on the same operative allegations concerning the original filing and joinders. It would not dismiss the bankruptcy case, adjudicate claim allowance or avoidance liability, bind persons not before the Court, or immunize later misconduct. Nor would it eliminate appellate review or relief under Rules 9023 and 9024 upon the required showing. If the Court concludes that a narrower condition is necessary, it should adopt that condition and, in all events, preserve prompt consideration of the petition.

**C. The Chicago Record Shows Why Cancellation Would Reward the Attempt to Bypass this Court's Process.**

38. Global's September 1 statements were more than a preference about dates. In Texas, it insisted it was not trying to postpone the September 14th hearing and wanted the motion heard

here. Ex. M, Tr. 20:9–14, 20:21–25. In Chicago, it stood by the Texas hearing and accepted later evidentiary consideration there. Ex. K, Tr. 11:11–20. This Court had reaffirmed the existing dates and deadlines, and Global acknowledged that direction. Ex. M, Tr. 35:8–17. Removing the Texas hearing while leaving the later Chicago proceeding in place would reverse the sequence Global itself endorsed.

39. The Petitioning Creditors submit that the timing supports an inference of tactical avoidance: Global is retreating from the Texas merits hearing after receiving sworn denials and substantial supporting records that undermine its collusion theory, while attempting to preserve an opportunity for Judge Cox to decide the overlapping issue. Its Notice identifies no newly discovered collusive agreement, debtor-funded retainer, or other new evidence requiring an entirely different schedule. Ex. A.

**D. The Discovery Dispute Should be Resolved, Not Used to Erase the Merits Setting.**

41. Global's own September 9 response quotes particular interrogatory answers and identifies the supplementation it seeks. It therefore confirms receipt and review of a substantive response record. Ex. F at 3–4. The signed answers now attached identify creditor-specific claims, authorization, and funding facts. Exs. G–H. The Petitioning Creditors maintain that those disclosures demonstrate an independent creditor filing. Any deficiencies that remain can be identified and addressed without treating the proceeding as though no discovery occurred.

42. The Petitioning Creditors likewise raised Global's own incomplete answers and production limitations and requested a conference. Ex. F at 1–2. Neither side's assertion of compliance resolves the other's objections. Rules 26(c) and 37 provide a process for resolving disputed scope, burdens, and supplementation. Global's unilateral withdrawal should not supply

the additional time and changed forum it could instead have requested, on a particularized record, from this Court.

43. The deposition chronology does not establish that the Petitioning Creditors prevented a duly noticed examination. The September 7 email sought dates for later that week; the September 8 response opposed that compressed timetable and explained the burden. Exs. D–E. Rule 30(b)(1) requires reasonable written notice, not a fixed ten-day minimum or an absolute right to refuse an examination without agreement. The Petitioning Creditors rely here on preparation, existing obligations, travel, and the opportunity to coordinate earlier—not an assertion that their final witness-list deadline insulated witnesses from discovery. Global's desire to read the production first did not prevent it from reserving examination dates after August 18.

44. The August 18 record made depositions foreseeable to both sides. The Court may consider each side's diligence, Global's proposed accommodations, the actual production timing, and the effect of any proven deficiency. But those are reasons for a focused scheduling ruling. They do not establish that Global can cancel the hearing, preserve all accusations, and obtain an open-ended discovery period through Docket No. 57.

**E. The September 1 Ruling Preserved Stay-Enforcement Issues for a Separate, Properly Noticed Determination.**

45. This Court's own transcript now supplies the precise stay ruling. The Court confirmed the stay under § 362, cautioned Global against acting without permission, and stated that any Chicago conduct violating the stay would be addressed through a motion alleging that violation. Ex. M, Tr. 30:19–31:2, 33:3–21. Global heard that ruling and acknowledged the Court's statements before participating in the Chicago hearing that afternoon. *Id.* at 35:16–17; Ex. K, Tr. 3:11–24, 7:18–8:23.

46. The Petitioning Creditors contend that Global's subsequent pursuit of a contempt show-cause order exceeded administrative reopening and violated the Texas stay. Despite the warning, Global opposed postponing issuance of the show-cause order and pressed for a command requiring Green Sapphire to answer for the allegedly collusive filing. Ex. K, Tr. 10:20–11:20, 17:8–21; Ex. L ¶¶ 2–4. That conduct supports preserving the issue for this Court, but this objection does not seek an immediate sanctions award or a finding that the September 1 ruling already established a violation.

47. The Court expressly declined to prejudge whether reopening or subsequent conduct would violate the stay. It found *Cooper* and *Sabre* unpersuasive on the particular facts, described the difficulty of applying *Halo Wireless*, and questioned Global's asserted governmental-actor rationale without finally adjudicating the exception. Ex. M, Tr. 31:13–32:10, 33:18–34:10. Those qualifications matter. The pending objection should preserve, not preempt, a properly noticed examination of the conduct, the applicable § 362(b)(4) exception, and any resulting remedy.

48. The Chicago order likewise is not a final adjudication of collusion. Its statement that no stay is in effect "in this Illinois Bankruptcy Case" does not expressly grant relief from the stay arising in this Texas case. Ex. L ¶ 6. The Petitioning Creditors request no direction to Judge Cox and no instruction to disregard an Illinois order. Consistent with this Court's express reservation, any contempt or stay-sanctions request should proceed by an appropriate separate motion. The present significance is that Global cannot assume withdrawal of Docket No. 11 removes this Court's ability to consider those collateral matters. Ex. M, Tr. 33:12–21, 35:9–13; FED. R. BANKR. P. 9020.

**F. Alternatively, Preserve September 14 for Evidence, Findings, and an Order for Relief Under § 303.**

49. If the Court permits withdrawal without prejudice, the Petitioning Creditors independently request the opportunity to present their case on September 14. Section 303(h) and Rule 1013 require prompt disposition of an involuntary petition. Green Sapphire's non-opposition is stated in the Joint Pre-Conference Statement, Dkt. 30, ¶¶ 9–10, 15–16. The creditors are not withdrawing their petition or asking merely for reputational vindication. They seek a ruling authorizing Chapter 11 administration and offer evidence addressing the statutory prerequisites and the alleged abuse that has delayed that ruling.

50. The proposed presentation will establish the applicable creditor qualifications under § 303(b), the statutory number and aggregate amount of qualifying claims, and the effect of joinders under § 303(c). The Petitioning Creditors will also present evidence of Green Sapphire's general nonpayment of qualifying debts as of July 21, 2026, to the extent that issue requires determination under § 303(h)(1). They do not equate historical balance-sheet insolvency with petition-date general nonpayment. *See Subway Equipment Leasing Corp. v. Sims (In re Sims)*, 994 F.2d 210, 222 (5th Cir. 1993). They preserve their position that the debtor has not timely controverted relief and that Global cannot assume every statutory contest right belonging to the debtor.

51. Through testimony of the Petitioning Creditors within their personal knowledge and properly admitted records, the Petitioning Creditors will address the underlying services, unpaid claims, separate creditor identities, authorization, source of counsel's funding, and independent decisions to file or join. They request findings that the petition and joinders were undertaken in good faith to pursue bona fide creditor recoveries and a legitimate collective

bankruptcy purpose, not as a debtor-directed device to evade the Illinois refiling bar. The disclosed answers identify those issues concretely. Ex. G at 6–8, 11–13; Ex. H at 2, 6–8, 12–15.

52. Rule 1018 incorporates Rule 7052, which applies Civil Rule 52 to the petition contest. The Petitioning Creditors request findings on the facts actually tried and conclusions supporting disposition of the petition and any live bad-faith contention. Where Rule 52(a)(3) does not require findings on a motion, the Court should nevertheless make the specific findings necessary to explain its disposition. The request is for evidence-based adjudication of the pending case, not an advisory declaration or a guarantee of a particular preclusive effect in Illinois. Attaching discovery responses identifies the record already disclosed; it does not itself admit every response for its truth.

53. The Court should expressly retain the September 14 setting for that presentation and provide any supplemental notice or limited procedural directions needed to define its scope. Global and other parties entitled to participate should have a fair opportunity to respond, test admissible evidence, and cross-examine as the Court permits, without enlarging Global's statutory standing or reopening discovery automatically. The request does not alter otherwise applicable burdens of proof. On the evidence received, the Court should resolve the chapter-designation amendment as necessary and enter Chapter 11 relief with supported findings of § 303 compliance and good faith.

54. If the Court concludes that no live opposition remains and immediate relief is required under § 303(h) and Rule 1013(b), the Petitioning Creditors do not seek to delay that relief solely to obtain additional findings. They request an opportunity to offer the concise supporting evidence the Court considers useful and findings to the extent properly material. At minimum, the

Court should decide the petition promptly rather than leave it unresolved until Global chooses whether to renew its accusations.

**G. Available Expense Remedies Should Be Preserved Without Expanding This Objection into a Sanctions Motion.**

55. Where Rule 41(a)(2) applies, the Court may consider reasonable expenses as a condition addressing actual prejudice. *Elbaor*, 279 F.3d at 317 n.3. The Petitioning Creditors request a procedure to establish hearing-specific work that would be wasted or duplicated and nonrecoverable travel expenses, with an opportunity for Global to respond. They do not seek all bankruptcy fees merely because withdrawal occurred. The Court should distinguish reusable work from avoidable duplication and assess the authority and proof supporting any award.

56. Withdrawal does not necessarily eliminate jurisdiction over collateral expense or sanctions matters. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–98 (1990). This filing preserves only legally available remedies. It is not a separate Rule 9011 motion and does not bypass that rule's service or safe-harbor requirements. *See Cadle Co. v. Pratt (In re Pratt)*, 524 F.3d 580, 586–88 (5th Cir. 2008). Any monetary request must identify its authority, evidence, causal connection, and appropriate notice. That reservation applies whether the Court requires with-prejudice withdrawal, retains the dismissal contest, or proceeds on the petition after withdrawal without prejudice.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Petitioning Creditors respectfully request that the Court sustain this Objection and: (a) reject Global's proposed withdrawal without prejudice and, where judicial leave is required, permit withdrawal or dismissal of Docket No. 11 only WITH PREJUDICE to renewal of its existing dismissal grounds, subject to Global's opportunity to reject that condition and proceed; (b) alternatively, if withdrawal without prejudice is permitted or is

already effective, preserve September 14, 2026, for the Petitioning Creditors to present testimony and documentary evidence establishing the applicable requirements of § 303 and the good-faith, noncollusive filing and joinders, and for the Court to make supported findings and enter Chapter 11 relief after resolving any necessary amendment; (c) confirm that Docket No. 57 does not itself cancel the hearing, extend discovery, transfer the case, or authorize renewed relief in advance; (d) preserve properly presented expense and stay-enforcement matters; and (e) grant prompt scheduling direction and such other relief as is just. The Petitioning Creditors do not request dismissal of their involuntary petition.

Dated: September 9, 2026.

Respectfully submitted,

**TITTLE SANTIAGO, PLLC**

*/s/ Brandon J. Tittle*
Brandon J. Tittle
Texas Bar No. 24090436
Manolo R. Santiago
Texas Bar No. 24129258
1125 Legacy Dr., Ste. 230
Frisco, Texas 75034
Telephone: 972.213.2316
Email: btittle@tittlesantiago.com
Email: msantiago@tittlesantiago.com

**COUNSEL FOR PETITIONING CREDITORS**

**CERTIFICATE OF SERVICE**

I certify that on September 9, 2026, a true and correct copy of this Motion and all attachments was served through the Court's CM/ECF system on all registered users and separately served, in the manner required by Federal Rules of Bankruptcy Procedure 9014 and 7004, on Green Sapphire Holdings Inc., Global Capital Partners, LLC, Access Management, S.A.S., Inc., the Office of the United States Trustee, and all other affected non-ECF parties at their proper service addresses and in their proper Rule 7004 capacities.

*<u>/s/ Brandon J. Tittle</u>*
Brandon J. Tittle