Brandon J. Tittle
Texas Bar No. 24090436
Manolo R. Santiago
Texas Bar No. 24129258
**TITTLE SANTIAGO, PLLC**
1125 Legacy Dr., Ste. 230
Frisco, Texas 75034
Telephone: 972.213.2316
Email: btittle@tittlesantiago.com
Email: msantiago@tittlesantiago.com

**COUNSEL FOR PETITIONING CREDITORS**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 26-33254** |
| **GREEN SAPPHIRE HOLDINGS INC.,** | § | |
| | § | **Chapter 11** |
| **Alleged Debtor.** | § | |

**LECOCQASSOCIATE, LEGAMARO BANIPAL LLP, AND CHARLES-HUBERT VANOVERBERGHE'S REPLY IN SUPPORT OF AMENDED MOTION FOR LEAVE TO FILE FIRST AMENDED INVOLUNTARY PETITION TO CORRECT CHAPTER DESIGNATION**

**TO THE HONORABLE MICHELLE V. LARSON
UNITED STATES BANKRUPTCY JUDGE:**

lecocqassociate, Legamaro Banipal LLP, and Charles-Hubert Vanoverberghe (collectively, the "Movants") file their reply (the "Reply") in support of *lecocqassociate, Legamaro Banipal LLP, and Charles-Hubert Vanoverberghe's Amended Motion and Brief for Leave to File First Amended Involuntary Petition to Correct Chapter Designation, Preserve the July 21, 2026, Petition Date, and Confirm the Continuing Effect of Filed Joinders* [Docket No. 36] (the "Motion") and in response to Global Capital Partners, LLC's ("Global") Amended Objection, Docket No. 63.

## PRELIMINARY STATEMENT

1. This is a request to correct what counsel wrote, not to change what the creditors elected. The original petitioners authorized Chapter 11; counsel selected Chapter 11 in CM/ECF and paid the corresponding filing fee, but inadvertently checked Chapter 7 on Official Form 205. The engagement letters and contemporaneous electronic stamp corroborate that account. Global itself originally described the petition as a Chapter 11 filing with the "wrong box" checked. Tittle Decl. ¶¶ 2–5; App. 7, 11–19, 71. Before entry of the initial order for relief, the verified petition should be allowed to conform to the election actually made.

2. Movants expressly do not request conversion under 11 U.S.C. § 706(b). Global's Amended Objection, Dkt. 63, cannot require them to prosecute that different request or convert a limited correction into another plenary contest after Global withdrew its dismissal motion five days before the agreed hearing. The Court should apply the amendment rules to the demonstrated discrepancy, preserve legitimate substantive objections, and reject the claim that an erroneous checkbox necessarily defeats correction.

## REPLY

### A. The Contemporaneous Record Establishes the Error.

3. The July 21, 2026, engagement letters for lecocqassociate and Legamaro Banipal LLP specify an involuntary Chapter 11 matter in their subject lines, descriptions of representation, and scope provisions. Their signed acceptance pages are included. The August 14 Lazareff engagements likewise specify Chapter 11 but concern those entities' later joinders—not authorization of the July filing. App. 11–19; Tittle Decl. ¶¶ 2, 5. These documents corroborate the consistent chapter election without conflating the original and joining creditors' decisions.

4. Counsel accepts responsibility for completing the form incorrectly. His original electronic selection and the Chapter 11 fee payment were consistent with the intended filing. A copy attached to the July 22 Delaware letter displays "Case 26-33254-11" above the inconsistent Chapter 7 checkbox. App. 7; Tittle Decl. ¶¶ 3–4. Movants do not contend that payment or metadata automatically overrides the signed form; they ask the Court to resolve the documented inconsistency through a verified amendment.

5. Global's original dismissal motion described this as an "involuntary petition for chapter 11 bankruptcy." Its footnote explained that counsel "checked the wrong box," marking Chapter 7 "only to file on the docket as a petition under chapter 11." Dkt. 11 ¶ 1 & n.1; App. 71. Global coupled that description with accusations Movants reject. Nevertheless, its own early characterization demonstrates awareness of both the Chapter 11 filing and the form discrepancy. Chapter 11 was not a surprise introduced after discovery.

6. The August 17 Joint Pre-Conference Statement identified the original Chapter 11 intent, engagement letters, and electronic designation; it recorded Green Sapphire's nonopposition without purporting to bind Global. Dkt. 30 ¶¶ 7–11; App. 25–28. The corrected petition, verified in counterparts by all three original petitioners, accompanied Dkt. 36 on August 19—before the September discovery production and withdrawal. App. 20–24. Correction therefore was not a reaction to that later discovery record.

**B. Rule 15 Permits Correction of an Involuntary Petition.**

7. Bankruptcy Rule 1018 expressly applies Rule 7015, and thus Civil Rule 15, to a contested involuntary petition. Leave should be freely given absent a sufficient reason such as undue delay, bad faith, prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–99 (5th Cir. 1981). Rule 1008 supplies the verification

requirement. Rule 9005 additionally permits correction of an error or defect not affecting a substantial right, consistently with the Code.

8. In *Georgia Jewelers, Inc. v. Bulova Watch Co.*, 302 F.2d 362, 366–67 (5th Cir. 1962), the court affirmed amendment of an involuntary petition before adjudication, recognized curable verification defects, and addressed relation back. Although decided under the former Act, it supports this Court's amendment authority. Global's observation that it involved different defects does not make its examples an exclusive list of permissible corrections. Dkt. 63 ¶¶ 9–10.

9. In *In re QDN, LLC*, 363 F. App'x 873, 877–78 (3d Cir. 2010), the court expressly explains that "a scrivener's error can be amended by a filer through the normal process of amendments." It rejected a jurisdictional attack arising from misnaming an involuntary debtor that had been correctly served and otherwise identified. *QDN* is nonprecedential and addresses a misnomer, not chapter selection. Its persuasive principle nevertheless applies: a demonstrable transcription error should be addressed through amendment rather than mistaken for a different intended proceeding.

10. In *Paccar Fin. Corp. v. Mid-American Lines, Inc. (In re Mid-American Lines, Inc.)*, 178 B.R. 514, 516–17 (D. Kan. 1995), the court reversed dismissal of an unverified involuntary petition because amendment should have been allowed under Rules 1018, 7015, and 15. It separately preserved the debtor's response opportunity. Correcting the pleading thus need not prejudge entitlement to relief.

11. A chapter-designation analogy appears in *In re Alabama State Fair Authority*, 232 B.R. 252, 259–60 n.15 (N.D. Ala. 1999). In later preference litigation, that court treated an erroneous Chapter 11-to-Chapter 9 transition as an amendment relating back under Rule 15. Its unusual procedural history and the absence of a statutory Chapter 9 conversion route distinguish

it from § 706. It is not controlling here, but it demonstrates why Global's categorical assertion that an erroneous chapter can never be addressed by amendment is overbroad.

**C. This Reply Expressly Disclaims § 706(b) Conversion.**

12. Section 303(a) authorizes involuntary cases under either chapter. Unlike a voluntary filing, which constitutes relief under § 301(b), this involuntary petition precedes the initial relief determination under § 303(h). Movants seek correction before that determination, not replacement of a deliberate Chapter 7 election after administration. They acknowledge that a case already exists; the absence of an order is an important distinction, not an argument that § 706 can never apply before relief.

13. *In re Twin Pines, LLC*, No. 19-10295-j11, 2020 Bankr. LEXIS 1217, at *4 (Bankr. D.N.M. Apr. 30, 2020), contains general language against changing chapters by amendment. Its decided issue concerned electing Subchapter V within an existing voluntary Chapter 11 case—not this conflicting original designation in a pre-relief involuntary petition. The amendment rules must be harmonized with the Code, not used to override it. *Law v. Siegel*, 571 U.S. 415, 421–22 (2014). Here, that harmonization permits correction of the election actually made, rather than treating correction as a new election.

14. In *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 372–75 (2007), the court addressed a debtor's Chapter 7-to-13 conversion. In *Jacobsen v. Moser (In re Jacobsen)*, 609 F.3d 647, 649–52 (5th Cir. 2010), the case concerned § 1307(b) dismissal in the face of a conversion motion. Neither decided this scrivener's-error issue. Global's conversion-factor analysis therefore does not supply the governing standard for Dkt. 36.

15. Movants expressly decline recharacterization of their motion as a § 706(b) request, including an alternative conversion request. The original motion's Chapter 11 discussion addresses

futility, not election of conversion. If the Court concludes that § 706 is indispensable notwithstanding the documented error, it should decide that procedural question without adjudicating an unfiled conversion request. Expense does not excuse a mandatory statute; neither does Global's objection compel Movants to pursue relief they have not requested.

**D. The Correction Causes No Identified Substantial Prejudice.**

16. No order for relief has been entered. Correction changes no debtor, creditor claim, or filing event; it displaces no existing Chapter 7 relief order and destroys no adjudicated defense. Chapter 11 appeared in the original filing record and Global's own dismissal brief. Global has fully briefed its opposition. App. 7, 71; Tittle Decl. ¶ 8; Dkt. 63. Its legitimate substantive objections remain available under the procedures applicable to each.

17. Chapter selection can affect substantive rights, so the absence of an order is not alone dispositive. But Global identifies no reliance transaction or lost opportunity caused by correcting this inconsistency before relief. Its preference for different administration is not surprise caused by a changed election. Movants seek no retroactive July 21 order for relief, retroactive debtor-in-possession powers, or ruling that estate litigation is meritorious.

18. Counsel's error is not itself evidence of improper purpose. In *Massis v. Gavin (In re Gavin)*, No. NC-21-1130-SGB, 2022 Bankr. LEXIS 657, at **12–14 (B.A.P. 9th Cir. Mar. 14, 2022) (nonprecedential), the court upheld an innocent-mistake determination concerning a wrong-chapter filing and examined actual harm and tactical advantage. In *Arrow Road Construction Co. v. Bridgeview Bank Group (In re Brittwood Creek, LLC)*, 450 B.R. 769, 772–76 (N.D. Ill. 2011), the case also recognized an inadvertent Chapter 7 filing when Chapter 11 was intended. *Gavin* used conversion and *Brittwood* concerned a stay following duplicative filings. They support

evaluating the actual error and consequences, not the proposition that either court granted this particular amendment.

**E. The Discovery and Withdrawal Support a Focused Ruling.**

19. Global agreed to September 14 for dismissal and amendment. The August 18 transcript contemplated discovery and testimony; Global confirmed the date to the courtroom deputy on August 21. The creditors then supplied signed interrogatory answers and a 1,616-page production while counsel undertook substantial document and witness preparation. September 8 correspondence describes the international-travel and preparation constraints. App. 29–38, 39, 42–44, 67–70; Tittle Decl. ¶¶ 9–10.

20. The answers provide creditor-specific accounts of unpaid claims, independent authorization, and funding, and deny debtor orchestration. The joining creditors separately describe their later decisions. App. 45–66. These are disclosed answers and supporting-record references, not findings established merely by attachment. Global disputes adequacy and timing; the answers are dated September 5, and Movants do not infer September 4 service from that date. Those disputes do not erase the substantial response record.

21. On September 9, Global withdrew Dkt. 11 "without prejudice to refiling at a later date." App. 40–41. Taken with the disclosed denials and supporting records, that retreat supports Movants' inference that discovery did not substantiate Global's creditor-specific collusion theory. Withdrawal alone is not an admission, a with-prejudice judgment, or an affirmative finding of good faith. Repetition of accusations in an amendment objection nevertheless is not proof. *See Subway Equipment Leasing Corp. v. Sims (In re Sims)*, 994 F.2d 210, 222 (5th Cir. 1993) (rejecting bad-faith accusations unsupported by the record).

22. The limited correction should not become compulsory prosecution of a new § 706(b) contest requiring another broad presentation on financing, feasibility, assets, and management. Movants already undertook substantial discovery and client preparation for the hearing Global abandoned. They remain prepared to prove the error and address properly presented live issues; they request no automatic discovery reset, conversion determination, or sanctions award through this reply.

**F. Futility and Relation Back Do Not Require a Different Result.**

23. Futility uses the Rule 12(b)(6) legal-sufficiency standard, not an automatic trial of every factual defense. *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). An operating business is not categorically required for Chapter 11 eligibility. *Toibb v. Radloff*, 501 U.S. 157, 160–64 (1991). Section 1123(b)(4) permits liquidation, and asset values exceeding debts do not alone resolve general nonpayment under § 303(h)(1). Dkt. 36 ¶¶ 23–36 describes a lawful administrative purpose, not guaranteed litigation recoveries or committed financing.

24. The Illinois bar and prior findings remain subject to their actual terms. Correction neither vacates them nor adjudicates whether this independent creditor filing violates them. Any properly presented trustee request must satisfy § 1104 and Rule 2007.1. Global's amended prayer opposes entry of relief; Movants do not characterize Dkt. 63 ¶ 27 as consent.

25. Rule 15(c)(1)(B) supports relation back because correction concerns the same debtor, claims, and commencement event. *See Georgia Jewelers*, 302 F.2d at 367. Preserving July 21 does not establish the viability of an avoidance claim or eliminate its defenses. The order should preserve the § 303(c) joinders at Dkts. 25 and 27 without determining creditor eligibility or treating later joinders as original authorization.

## PRAYER

Movants request that the Court grant Dkt. 36, overrule Dkt. 63 to the extent it opposes correction, permit the verified amended petition to reflect Chapter 11 and relate back to July 21, 2026, and preserve the existing joinders and unresolved substantive issues. They expressly seek no § 706(b) conversion. If correction is procedurally unavailable, they request a ruling limited to that issue, leaving the original petition for lawful disposition.

Dated: September 17, 2026.

Respectfully submitted,

**TITTLE SANTIAGO, PLLC**

*/s/ Brandon J. Tittle*
Brandon J. Tittle
Texas Bar No. 24090436
Manolo R. Santiago
Texas Bar No. 24129258
1125 Legacy Dr., Ste. 230
Frisco, Texas 75034
Telephone: 972.213.2316
Email: btittle@tittlesantiago.com
Email: msantiago@tittlesantiago.com

**COUNSEL FOR PETITIONING CREDITORS**

**CERTIFICATE OF SERVICE**

I certify that on September 17, 2026, a true and correct copy of this Motion and all attachments was served through the Court's CM/ECF system on all registered users and separately served, in the manner required by Federal Rules of Bankruptcy Procedure 9014 and 7004, on Green Sapphire Holdings Inc., Global Capital Partners, LLC, Access Management, S.A.S., Inc., the Office of the United States Trustee, and all other affected non-ECF parties at their proper service addresses and in their proper Rule 7004 capacities.

*/s/ Brandon J. Tittle*
Brandon J. Tittle